# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 90-CR-0131-002-GKF |
| vs. ) | |
| ) | USM Number: 06538-062 |
| JAMES EDWARD MAHAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 67). At the original sentencing, the Court imposed a term of 360 months imprisonment as to count one. In arriving at this sentence, the Court determined that defendant conspired to distribute one kilogram of crack cocaine, which calls for a base offense level 36 under USSG § 2D1.1. The Court enhanced six levels based upon two-level enhancements for the use of a firearm, for being an organizer, and for obstructing justice. This resulted in a total offense level 42 and a sentencing range of 360 months to life. In March 2008, the Court reduced the imprisonment term based on retroactive Amendment 706, which revised § 2D1.1 reducing the base offense level two levels to level 34. Application of the same enhancements provided for a total offense level 40 and an amended guideline range of 292 to 365 months. The Court reduced the term of imprisonment to 292 months.

Retroactive Amendment 750 again revises § 2D1.1, reducing the base offense level for many, but not all cases involving crack cocaine. The Amendment 750-revised § 2D1.1(c) provides for a base offense level 34 if the offense involved between 840 grams and 2.8 kilograms of cocaine base.

As defendant is responsible for one kilogram of crack cocaine, the base offense level remains unchanged. With the addition of the same enhancements as applied originally, defendant's total offense level is 40, the same total offense level and sentencing range determined under Amendment 706.

Although Amendment 750 is applicable, it does not lower defendant's sentence. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence (Dkt. # 67) is **dismissed for lack of jurisdiction**.

**DATED** this 26th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma